HOLLAND & KNIGHT LLP
Ashley L. Shively, SBN 264912
50 California Street, Suite 2800
San Francisco, CA 94111
Telephone: 415.743.6900
Fax: 415.743.6910
E-mail:ashley.shively@hklaw.com

Danielle M. Mayer, SBN 298995
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail:danielle.mayer@hklaw.com

Attorneys for Defendant
Air Canada

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIKKI M. ABSKHARON, PETER A. ABSKHARON, and BARRY WINOGRAD, on behalf of and themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR CANADA,<br><br>Defendant. | Case No. 3:20-cv-7464<br><br>Removed October 23, 2020 from Superior Court of California, County of Alameda (No. RG20071263)<br><br>**DEFENDANT AIR CANADA'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL DISTRICT COURT**<br><br>**[28 U.S.C. §§ 1332(A), 1441, and 1446]**<br><br>[Declarations of Ashley L. Shively and Kevin Strohmaier in Support of Defendant's Notice of Removal Filed Concurrently Herewith]<br><br>Complaint Filed: August 12, 2020 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFFS NIKKI M. ABSKHARON, PETER A. ABSKHARON, AND BARRY WINOGRAD AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Air Canada hereby removes the action styled *Nikki M. Abskharon, et al. v. Air Canada*, now pending in the Superior Court for the State of California in and for the County of Alameda as Case No. RG20071263 (hereinafter the "State Court Action"), to the United States District Court for the Northern District of California. Air Canada removes this action pursuant to 28 U.S.C. §§ 1332 (the Class Action Fairness Act of 2005, hereinafter "CAFA"), 1441 and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1. This Court has jurisdiction over this action under CAFA, which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class consists of at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one member of the proposed class is a citizen of a state different from that of one defendant. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As demonstrated below, this action meets all of CAFA's removal requirements, is timely, and is properly removed by the filing of this Notice.

## PROCEDURAL BACKGROUND

2. On August 12, 2020, Plaintiffs Nikki M. Abskharon, Peter A. Abskharon, and Barry Winograd (collectively, "Plaintiffs") filed a Class Action Complaint for (1) Breach of Contract; (2) "Unlawful" Business Practices in Violations of the Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (3) "Unfair" Business Practices in Violation of the UCL, Bus. & Prof. Code §§ 17200, *et seq.*; (4) Violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750, *et seq.*; (5) Conversion; (6) Money Had and Received; and (7) Restitution Based on Quasi-Contract/Unjust Enrichment (the "Complaint") against Air Canada in the State Court Action.

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

3. On September 3, 2020, Air Canada received a service package that included the Summons, Complaint, and related case initiating documents. (Declaration of Ashley Shively ("Shively Decl."), ¶ 2, Ex. A, Complaint.)

4. On September 23, 2020, Air Canada executed a Notice of Acknowledgement of Service of the Summons and Complaint. (Shively Decl., ¶ 3, Ex. B.)

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date in the State Court Action are attached to the Accompanying Shively Declaration as Exhibit B. (Shively Decl., ¶ 4, Ex. C.)

**VENUE**

6. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(c)(3), 1441, and 1446(a). This action was originally brought in Alameda County Superior Court, which is located within the Northern District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**TIMELINESS OF REMOVAL**

7. Air Canada has timely removed this action within 30-days of service of the Complaint in the State Court Action. On September 23, 2020, Air Canada executed the Notice of Acknowledgement and served it on Plaintiff. (Shively Decl., ¶ 3, Ex. B.) Because this Notice of Removal is filed within 30 days of service of the Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

9. Air Canada is the only non-fictitious defendant named in the Complaint.

**JURISDICTION PURSUANT TO**

**THE CLASS ACTION FAIRNESS ACT**

10. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value

Holland & Knight LLP
50 California Street, Suite 2800
San Francisco, CA 94111
Tel: 415.743.6900
Fax: 415.743.6910

of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

11. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to a class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more persons. 28 U.S.C. § 1332(d)(5).

12. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Air Canada pursuant to the provisions of 28 U.S.C. § 1441(a), because the putative class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant. No mandatory CAFA exclusion applies.

### *The Purported Class Contains At Least 100 Members*

13. Plaintiffs purport to "bring this class action on their own behalf and on behalf of all others similarly situated ("Class Members")." (Compl., p. 1:2-3.) Plaintiffs seek to represent the following class of persons in this action:

> [A]ll other persons in the United States who purchased Air Canada, Air Canada Rouge or Air Canada Express airline tickets and were not provided a full refund by Air Canada for cancelled and/or effectively cancelled Air Canada, Air Canada Rouge or Air Canada Express flights scheduled to operate within, from, or to the United States from March 1, 2020 through the date of a class certification order (the "Class").

(Compl., ¶ 74.)

14. Plaintiffs also seek "to represent a subclass of all members of the Class who purchased the relevant tickets in California ("California Subclass" or "Subclass")." (Compl., ¶ 75.)

15. In the Complaint, Plaintiffs alleges that the "Proposed Classes are so numerous that it is impractical to bring them all before the Court" and that "there are <u>thousands</u> of members of the Classes." (Compl., ¶ 78 (emphasis added).) Thus, by Plaintiffs own admission, the number of members of the putative classes is well in excess of the 100 individuals required by CAFA. *See* 28 U.S.C. § 1332(d)(5).

### *There Is Diversity Of Citizenship Between*
### *At Least One Proposed Class Member And One Defendant*

16. There is complete diversity between the parties to this action.

17. <u>Air Canada's Citizenship</u>: Under 28 U.S.C. § 1332(c)(1), corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Air Canada is a Canadian corporation with a registered address in Quebec, Canada. (Declaration of Kevin Strohmaier ("Strohmaier Decl."), ¶ 5, Ex. A.) Accordingly, Air Canada is a citizen of Canada.

18. <u>Citizenship of Plaintiffs and the Putative Class</u>: At the time this action was commenced and at the time of removal, Plaintiffs Nikki M. Abskharon and Peter A. Abskharon were "citizens of the state of California and the United States, who are not Canadian citizens and who reside in Los Angeles County." (Compl., ¶ 13.) At the time this action was commenced and at the time of removal, Plaintiff Barry Winograd was "a citizen of the State of California and the United States, who is not Canadian citizen, and who resides in Alameda County." (*Id.* at ¶ 14.) The putative class, moreover, by definition are citizens of other U.S. states (*Id.* at ¶ 74.)

19. CAFA's minimum diversity requirement is therefore satisfied because all the named Plaintiffs and putative class members are citizens of a different state (anywhere in the U.S.) than Air Canada, a Canadian entity, *see* 28 U.S.C. § 1332(d)(2)(A) and (B), and no mandatory CAFA exclusion applies.

***Alleged Amount in Controversy Exceeds $5,000,000***

20. Under CAFA, the claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005).

21. The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially Federal court jurisdiction over class actions. Its provisions should be read

broadly, with a strong preference that interstate class actions should be heard in a Federal court if properly removed by any defendant.").

22. Where a complaint does not specify the exact amount of damages sought the defendant must provide a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014); *see id*. at 78 (notice of removal need only "contain [ ] a short and plain statement of the grounds for removal," which is a standard that "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").[1]

23. When determining the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alterations omitted). The amount in controversy is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability .... In that sense, the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover.") (emphasis in the original).

24. A district court may consider the allegations of the complaint and contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has reasonably been established. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Where, as here, a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $5,000,000. *See Singer*, 116 F.3d at 376. To meet its burden of proof, defendants are not required to "research, state, and prove the plaintiff's claims for damages." *Fong v.*

---

[1] Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy. *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1198 (9th Cir. 2015)

5
NOTICE OF REMOVAL                                                          CASE NO. 3.20-cv-7464

*Regis Corp.*, 2014 WL 26996, at *2 (N.D. Cal. Jan. 2, 2014) (citations omitted). A removing defendant meets its burden where its calculations of the amount in controversy are "relatively conservative, made in good faith, and based on evidence wherever possible." *See id.* at *5 (*citing Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

25. Plaintiffs here assert four claims for relief on behalf themselves and a nationwide class: for breach of contract, conversion, money had and received, and restitution based on quasi-contract/unjust enrichment related to Air Canada's alleged failure to refund customers whose flights were cancelled or "effectively cancelled" (*See* Compl., ¶ 1.) Based on the same facts, Plaintiffs additionally assert three claims on behalf of the California subclass, for unlawful and unfair business practices under Business and Professions Code section 17200 *et seq.* and for violation of the Consumers Legal Remedies Act, Civil Code section 1750 *et seq*. Plaintiffs seek in their prayer for relief an order terminating travel contracts and directing Air Canada "to return all amounts Plaintiffs and the [putative] Class Members paid for those cancelled flights and/or effectively cancelled flights," restitution in the amounts paid by members of the putative class, and "[a]n award to Plaintiffs and all Class Members of compensatory, consequential, incidental, statutory and punitive damages, restitution, and disgorgement" along with "all costs", "attorneys' fees and expenses", "pre and post judgment interest", and the "imposition of [] a constructive trust…." (Compl., Prayer For Relief, at p. 37.)

26. Although Air Canada denies any and all liability as to Plaintiffs' claims, it is clear that the aggregate amount in controversy exceeds the $5,000,000 jurisdictional amount.

27. <u>Plaintiffs' Seek Compensatory Damages.</u> (Compl., ¶ 95; *see also id.* Prayer for Relief.) Air Canada's records indicate that it had approximately 530,000 nonrefundable ticket bookings for flights (i) with a departure or arrival date between March 1, 2020 and December 31, 2020; and (ii) with a point of sale in the United States. (Strohmaier Decl., ¶ 3.) As a result, the putative class, as defined by Plaintiffs, could consist of approximately 530,000 class members. (*See id.*) Passengers paid substantially in excess of $5,000,000 for those tickets. (*Id.* at ¶ 4.) Indeed, the jurisdictional minimum would be satisfied even if each member of this portion of the putative class could recover only $9.43 on his or her breach of contract claim. *See Dart Cherokee Basin Operating,*

574 U.S. at 89 (defendant seeking to remove case under CAFA need only include in the notice of removal a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

28. <u>Plaintiffs Seek Equitable Monetary Relief</u>. Plaintiffs also seek relief in the form of restitution and disgorgement in the amount of ticket charges (*e.g.,* Compl., ¶¶ 103, 110, 121,[2] 126, 131), which would likewise exceed $5,000,000. *See Vasquez v. Blue Cross of California*, 2015 WL 2084592, at *4 (C.D. Cal. May 5, 2015) (observing that jurisdictional minimum would be satisfied for putative class of three million if each class member received a recovery of $1.62, and noting that because "Plaintiffs seek restitution on [their UCL] claim, it is easy to see how each class member would claim an amount greater than $1.62.").

29. <u>Plaintiffs Seek Attorneys' Fees.</u> Plaintiffs also seek "an award of attorneys' fees and expenses." (Compl., Prayer For Relief, p. 37.) Potential recovery of reasonable attorneys' fees can properly be included in calculating the amount in controversy for removal purposes. *See Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met"); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (same).

30. "'When including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate'…") *Ramos*, 2018 WL 5779978 at *3 (internal citations omitted); *see Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (holding attorneys' fees properly included in the CAFA amount in controversy).

31. Applied here, attorneys' fees for the putative class would add at least $1,250,000 ($5,000,000 potential recovery x 25%) or more to the total amount in controversy.

32. Taken together, potential contract damages and monetary damages under Plaintiffs' equitable claims, and attorneys' fees, the total amount put in controversy by Plaintiffs in their

---

[2] Plaintiffs allege in their CLRA claim that they "intend to amend this Complaint to add a request for damages from Defendant…" (Compl. ¶ 121)

Complaint is at least $11,250,000, and thus exceeds the $5,000,000 jurisdictional minimum under CAFA.

### NOTICE TO PLAINTIFF

33. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Clerk for the Superior Court of the State of California in and for the County of Alameda.

**WHEREFORE**, for all of the foregoing reasons, Air Canada hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: October 23, 2020

Respectfully submitted,

/s/ Danielle M. Mayer
HOLLAND & KNIGHT LLP
Ashley L. Shively
Danielle M. Mayer

Attorneys for Defendant
Air Canada